IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:     Keith M. Scriven,<br>                 Debtor<br><br>SN Servicing Corporation as Servicer<br>for U.S. Bank Trust National<br>Association as Trustee of Lodge Series<br>III Trust,<br>            Movant<br><br>Keith M. Scriven<br>Richard E Furtek, Trustee,<br>             Respondents | Case No.: 22-11818-amc<br><br>Chapter: 11<br><br>Judge: Ashely M. Chan |

## OBJECTION TO CONFIRMATION OF PLAN

**PLEASE TAKE NOTICE** that SN Servicing Corporation as Servicer for U.S. Bank Trust National Association as Trustee of Lodge Series III Trust, the holder of a mortgage on real property of the Debtor, located at 1007 North 6th Street Philadelphia, PA 19123, by and through its undersigned attorneys, hereby objects to the confirmation of the Chapter 11 Plan on grounds including:

1. The treatment of Creditor's Claim is unclear in the Chapter 11 Plan.

2. Debtor's proposed plan is insufficient to provide for the claim of Secured Creditor. The objecting creditor is due arrears of approximately 10,343.38 to be set forth in a Claim to be filed by the Claims Deadline

3. Secured Creditor does not necessarily object to the Debtor's proposed sale of the property as the proposed plan indicates, rather Secured Creditor objects to confirmation unless a consent order is entered giving stay relief should the property not be sold within an appropriate time frame that the Secured Creditor agrees to. Furthermore, Debtor's proposed plan fails to provide any supporting information or documentation regarding the sale, retaining a broker, listing agreement, etc. If there is no equity in the property, Secured Creditor requests that regular, monthly mortgage payments be made pending the sale, and that Secured Creditor must be able to review all short sale offers. If there is in

fact equity in the property, Secured Creditor objects to any order unless the loan is paid in full based off a payoff provided at closing

In the event any portion of the claim is deemed to be an unsecured claim as defined by the Code, objection is hereby made pursuant to 11 U.S.C. 1325(a)(4) and 1325(b), *et seq.* unless the plan provides for full payment of the claim.

Dated: November 4, 2022

                                            FRIEDMAN VARTOLO, LLP.

                                            By: _/s/ *Lauren M. Moyer*
                                            Lauren M. Moyer, Esquire
                                            FRIEDMAN VARTOLO LLP
                                            Attorneys for Movant
                                            1325 Franklin Avenue, Suite 160
                                            Garden City, New York 11530
                                            T: (212) 471-5100
                                            F: (212) 471-5150
                                            Bankruptcy@FriedmanVartolo.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:     Keith M. Scriven,<br>                     Debtor<br><br>SN Servicing Corporation as Servicer for U.S. Bank Trust National Association as Trustee of Lodge Series III Trust,<br>        Movant<br><br>Keith M. Scriven<br>Richard E Furtek, Trustee,<br>                     Respondents | Case No.: 22-11818-amc<br><br>Chapter: 11<br><br>Judge: Ashely M. Chan |

**CERTIFICATE OF SERVICE OF OBJECTION TO CONFIRMATION OF PLAN**

     I certify under penalty of perjury that I caused to be served the above captioned pleading on the parties at the addresses specified below or on the attached list on November 4th, 2022

     The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: first-class mail and electronic notification

     If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the full name, email address, and where applicable the full name of the person or entity represented, for each party served by electronic transmission is listed under the heading "Service by NEF," and the full name and complete postal address for each party served by mail, is listed under the heading "Service by First-Class Mail."

EXECUTED ON: November 4, 2022

                                          FRIEDMAN VARTOLO, LLP.

                                          By:  /s/ *Lauren M. Moyer*
                                          Lauren M. Moyer, Esquire
                                          FRIEDMAN VARTOLO LLP
                                          Attorneys for Movant
                                          1325 Franklin Avenue, Suite 160
                                          Garden City, New York 11530
                                          T: (212) 471-5100
                                          F: (212) 471-5150
                                          Bankruptcy@FriedmanVartolo.com

**Service by NEF**

**Trustee**
Richard E Furtek
Furtek & Associates, LLC
Subchapter V Trustee
101 Lindenwood drive, Suite 225
MALVERN, PA 19355

**Debtor's Counsel**
Ronald G. McNeil
McNeil Legal services
1333 Race Street
Philadelphia, PA 19107-1585

**U.S. Trustee**
United States Trustee
Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street
Suite 320
Philadelphia, PA 19107

**Service by First-Class Mail**

**Debtor**
Keith M. Scriven
1007 North 6th Street
Philadelphia, PA 19123