**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Bankruptcy No. 22-11818-amc |
| | : | |
| Keith M. Scriven | : | Chapter 11 |
| | : | |
| Debtor | : | |

**OBJECTION OF THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE TO CONFIRMATION OF THE DEBTOR'S PLAN FOR REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11
DATED SEPTEMBER 30, 2022**

The Commonwealth of Pennsylvania, Department of Revenue ("Commonwealth"), by and through its counsel, Brad G. Kubisiak, Deputy Attorney General, Office of Attorney General, does hereby object as a party in interest to confirmation of the Debtor's Plan for Reorganization for Small Business Under Chapter 11 dated September 30, 2022 ("Plan"), as follows:

1. On August 1, 2022, the Commonwealth filed a Proof of Claim for unpaid personal income taxes in the amount of $72,815.12, of which $27,940.10 is a secured claim pursuant to 11 U.S.C. § 506(a)(1), $90.91 is a priority claim pursuant to 11 U.S.C. § 507(a)(8), and $44,784.11 is a general unsecured claim. Claim 3-1.

    I.   The Plan's Treatment of the Commonwealth's Secured Claim Is Inappropriate

2. The Commonwealth's secured claim is impaired under the Plan: the Plan fails to provide for the Commonwealth's secured claim. The Commonwealth does not consent to this treatment.

3. Sections 1191(c)(1) and 1129(b)(2)(A) of the Bankruptcy Code require that the holders of secured claims (i) retain the liens securing such claims and (ii) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's

interest in the estate's interest in such property.

4. The Commonwealth is entitled to the payment of interest in order to receive the present value of the allowed amount of its tax claim. The rate of interest must be determined by reference to the "applicable nonbankruptcy law." 11 U.S.C. § 511(a).

5. Under Pennsylvania law, the interest rate owed on a state tax is the interest rate established by the Secretary of the Treasury of the United States pursuant to 26 U.S.C. § 6621. 72 PA. STAT. § 806. Such rate remains in effect for the entire calendar year without regard to intervening changes in the federal interest rate. *Ibid*. The current applicable interest rate for the Commonwealth's secured claim is three percent (3%).

6. The Plan is not confirmable because it fails to comply with 11 U.S.C. §§ 1191(c)(1) and 1129(b)(2)(A) for the following reasons:

   a. The Plan fails to provide for payments of the secured debt claimed by the Commonwealth;

   b. The Plan fails to provide the statutory interest rate to allow for the full allowed amount of the Commonwealth's secured claim; and

   c. The Commonwealth's liens are not retained.

   II. The Plan's Treatment of the Commonwealth's Priority Claim Is Inappropriate

7. The Commonwealth is entitled to the payment of interest in order to receive the present value of the allowed amount of its tax claim. The rate of interest must be determined by reference to the "applicable nonbankruptcy law." 11 U.S.C. § 511(a).

8. Under Pennsylvania law, the interest rate owed on a state tax is the interest rate established by the Secretary of the Treasury of the United States pursuant to 26 U.S.C. § 6621. 72 PA. STAT. § 806. Such rate remains in effect for the entire calendar year without regard to intervening changes

in the federal interest rate. *Ibid*. The current applicable interest rate for the Commonwealth's priority claim is three percent (3%).

9. The Plan is not confirmable because it fails to comply with 11 U.S.C § 1129(a)(9)(C) because it fails to provide the proper interest rate to allow for the full allowed amount of the Commonwealth's priority claim.

### III. The Debtor Has Failed to File Outstanding Prepetition Tax Returns

10. Commonwealth records indicate that the Debtor has outstanding personal income tax returns for the tax year of 2017.

11. Section 1191(a) of the Bankruptcy Code provides that a Subchapter V plan may only be confirmed if all of the requirements of section 1129(a) (other than paragraph 15) are met. Section 1129(a)(2) of the Bankruptcy Code requires that the proponent of a plan comply with all applicable provisions of the Code.

12. Additionally, the failure of the Debtor to file the required outstanding tax returns may result in an additional tax liability which is neither disclosed nor provided for in the Plan.

13. The Debtor's failure to file all outstanding tax returns is contrary to Pennsylvania law and the Bankruptcy Code, making the Plan non-confirmable pursuant to 11 U.S.C. § 1129(a)(2) and 11 U.S.C. § 1191(a).

### IV. Reservation of Rights

14. The Commonwealth hereby reserves the right to object to any Plan Supplement, or other documents filed with the Court after the filing of this Objection, in accordance with the Bankruptcy Code.

WHEREFORE, the Commonwealth of Pennsylvania, Department of Revenue, respectfully requests that the Debtor's Plan for Reorganization for Small Business Under Chapter 11 dated September 30, 2022 not be confirmed.

DATE: November 16, 2022

Respectfully submitted,

JOSH SHAPIRO
ATTORNEY GENERAL

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
The Phoenix Building
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Tel: (215) 560-2133
Fax: (717) 772-4526
E-mail: bkubisiak@attorneygeneral.gov

BY: */s/ Brad G. Kubisiak*
BRAD G. KUBISIAK
Deputy Attorney General
PA Attorney No. 315714

MELISSA L. VAN ECK
Chief Deputy Attorney General
Financial Enforcement Section

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Bankruptcy No. 22-11818-amc |
| | : | |
| Keith M. Scriven | : | Chapter 11 |
| | : | |
| Debtor | : | |

## CERTIFICATE OF SERVICE

I, Brad G. Kubisiak, hereby certify that *Objection of the Commonwealth of Pennsylvania, Department of Revenue to Confirmation of the Debtor's Plan for Reorganization for Small Business Under Chapter 11 Dated September 30, 2022* has been filed electronically on this day, and is available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that I have served the foregoing document via email only on the following:

| | |
|---|---|
| Ronald L. McNeil<br>McNeil Legal Services<br>1333 Race Street<br>Philadelphia, PA 19107<br>(215) 564-3999<br>Email: r.mcneil1@verizon.net<br>*Counsel for Debtor* | Richard E. Furtek<br>Furtek & Associates, LLC<br>101 Lindenwood Drive, Suite 225<br>Malvern, PA 19355<br>(610) 768-8030<br>*Subchapter V Trustee* |

JOSH SHAPIRO
Attorney General

Date:   November 16, 2022                By:   */s/ Brad G. Kubisiak*
                                               BRAD G. KUBISIAK
COMMONWEALTH OF PENNSYLVANIA                   Deputy Attorney General
OFFICE OF ATTORNEY GENERAL                     PA Attorney I.D. #315714
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Tel: (215)560-2133                             MELISSA L. VAN ECK
Fax: (717) 772-4526                            Chief Deputy Attorney General
Email: bkubisiak@attorneygeneral.gov           Financial Enforcement Section