UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

| | : | |
|---|---|---|
| In re | : | Case No. 22 - 11818 |
| Keith M. Scriven | : | (Chapter 11) |
| Debtor. | : | |
| | : | Hon. Ashely M. Chan |
| | : | |

# ORDER

AND NOW, upon consideration of Debtor's Motion to Set Last Day to File Proofs of Claim, and any responses thereto, it is hereby ORDERED that

a) this Debtor's Motion to Establish a Bar Date for Filing Proofs of Claim is GRANTED;

b) pursuant to Rules 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure, except as set forth herein, all persons and entities (each as defined in 101(41) and 101(15) respectively, of the Bankruptcy Code), including, without limitation, individuals, partnerships, corporations, estates, trusts, unions and governmental units (individually, a "Creditor," and collectively, the "Creditors") holding or wishing to assert claims (as such term is defined in 101(5) of the Bankruptcy Code) against Debtor (individually, a "Creditor," and collectively, the "Creditors") are required to file a separate, completed and executed proof of claim form (either in the form mailed to Creditors or otherwise conforming substantially to Official Bankruptcy Form No. B 410), together with accompanying documentation (a "Proof of Claim") on account of any Claims such Creditor holds or wishes to assert against Debtor so that the Proof of Claim is actually received by Clerk's Office on or before **February 10, 2023** (the "General Bar Date") or, in the case of governmental units, by **January 11, 2023** (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates") via ECF transmission or by mail at the following address:
    Clerk's Office
    U.S. Bankruptcy Court for the
      Eastern District of PA
    Robert N.C. Nix Building
    900 Market Street, Suite 400
    Philadelphia, PA 19107-4299.

        Facsimile submissions will not be accepted. Proofs of Claim shall be deemed filed only when actually received.

c)     Proofs of Claim are not required, at this time, to be filed by any Creditor asserting a Claim of any of the types set forth below:

    i)     any Creditor (a) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

    ii)     any Creditor that has already properly filed a Proof of Claim against Debtor;

    iii)     any Creditor whose Claim against Debtor previously has been allowed by, or paid pursuant to, an order of this Court;

    iv)     any Creditor asserting a Claim allowable under 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of Debtor's Chapter 11 case; and

    v)     any holder of equity securities of Debtor solely with respect to such holder's ownership interest in or possession of such equity securities.

d)     Debtor shall retain the right to: (a) dispute or assert offsets or defenses against any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or liquidated; provided, however, that if Debtor amends the Schedules to reduce the undisputed, non-contingent or liquidated amounts or to change the nature or classification of a Claim against Debtor reflected therein, then the affected claimant shall have until the Amended Schedule Bar Date to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of such amended scheduled claim. The "Amended Schedule Bar Date" shall be the later of the General Bar Date or thirty (30) days after a claimant is served with notice that Debtor has amended its schedules of assets and liabilities to reduce the amount of, delete, or change the status of a scheduled claim of such claimant. Notwithstanding the foregoing, nothing set forth herein will preclude Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

e)     Notwithstanding anything in this Order to the contrary, the holder of any Claim arising from the rejection of an executory contract or unexpired lease shall be required to file a Proof of Claim on account of such Claim against Debtor on or before the later of (a) the General Bar Date or (b) thirty (30) days after the effective date of such rejection, as ordered by the Court.

f) Any Creditor that is required to file a Proof of Claim in this Chapter 11 case but that fails to do so in a timely manner, shall be forever barred, estopped and enjoined from: (a) asserting any Claim against Debtor that such creditor has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"), and (b) voting upon, or receiving distributions under, any plan of reorganization in this Chapter 11 case in respect of an Unscheduled Claim; and Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

g) The form of Notice of Deadline to File Proofs of Claim (the "Bar Date Notice"), attached to the Application as Exhibit "B," is approved. The Bar Date Notice shall be mailed by Debtor by first class mail, postage prepaid, as soon as practicable, but in no event later than November ~~21~~ 29th, 2022, to all known creditors holding potential pre-petition Claims.

h) The provisions for notice of the Bar Dates, as set forth in this Order, in the manner set forth herein, shall constitute adequate and sufficient notice of each of the Bar Dates and shall be deemed to satisfy the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

i) All creditors that desire to rely on the Schedules with respect to filing a Proof of Claim in Debtor's Chapter 11 case shall have the responsibility for determining that their Claims are accurately listed therein.

BY THE COURT:

Dated: November 28, 2022

Hon. Ashely M. Chan
U.S. Bankruptcy Judge