United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 22-11818-amc

Keith M. Scriven                                                          Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2                          User: admin                                    Page 1 of 2
Date Rcvd: Nov 28, 2022                       Form ID: pdf900                        Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 30, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Keith M. Scriven, 1007 North 6th Street, Philadelphia, PA 19123-1406 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 30, 2022                    Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 28, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| ADAM BRADLEY HALL | on behalf of Creditor Ajax Mortgage Loan Trust 2021-D amps@manleydeas.com |
| BRAD KUBISIAK | on behalf of Creditor Commonwealth of Pennsylvania  Department of Revenue bkubisiak@attorneygeneral.gov |
| DENISE ELIZABETH CARLON | on behalf of Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK  SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOM bkgroup@kmllawgroup.com |
| GEORGE M. CONWAY | on behalf of U.S. Trustee United States Trustee george.m.conway@usdoj.gov |
| LAUREN MOYER | on behalf of Creditor SN Servicing Corporation as servicer for U.S. Bank Trust National Association  as Trustee of the Lodge Series III Trust lmoyer@friedmanvartolo.com |

District/off: 0313-2        User: admin        Page 2 of 2

Date Rcvd: Nov 28, 2022        Form ID: pdf900        Total Noticed: 1

MARIO J. HANYON

on behalf of Creditor Deutsche Bank National Trust Company  as Trustee for American Home Mortgage Assets Trust 2006-1, Mor wbecf@brockandscott.com, mario.hanyon@brockandscott.com

MATTHEW K. FISSEL

on behalf of Creditor Deutsche Bank National Trust Company  as Trustee for American Home Mortgage Assets Trust 2006-1, Mor wbecf@brockandscott.com, matthew.fissel@brockandscott.com

MEGAN N. HARPER

on behalf of Creditor City of Philadelphia megan.harper@phila.gov  Edelyne.Jean-Baptiste@Phila.gov

RONALD G. MCNEIL

on behalf of Debtor Keith M. Scriven r.mcneil1@verizon.net

Richard E Furtek

rfurtek@furtekassociates.com  cref11@trustesolutions.net

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov


TOTAL: 11

UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Case No.  22 - 11818 |
| Keith M. Scriven | : | (Chapter 11) |
| Debtor. | : | |
| | : | Hon. Ashely M. Chan |
| | : | |

# ORDER

 AND NOW, upon consideration of Debtor's Motion to Set Last Day to File Proofs of Claim, and any responses thereto, it is hereby ORDERED that

a)  this Debtor's Motion to Establish a Bar Date for Filing Proofs of Claim is GRANTED;

b)  pursuant to Rules 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure, except as set forth herein, all persons and entities (each as defined in 101(41) and 101(15) respectively, of the Bankruptcy Code), including, without limitation, individuals, partnerships, corporations, estates, trusts, unions and governmental units (individually, a "Creditor," and collectively, the "Creditors") holding or wishing to assert claims (as such term is defined in 101(5) of the Bankruptcy Code) against Debtor (individually, a "Creditor," and collectively, the "Creditors") are required to file a separate, completed and executed proof of claim form (either in the form mailed to Creditors or otherwise conforming substantially to Official Bankruptcy Form No. B 410), together with accompanying documentation (a "Proof of Claim") on account of any Claims such Creditor holds or wishes to assert against Debtor so that the Proof of Claim is actually received by Clerk's Office on or before **February 10, 2023** (the "General Bar Date") or, in the case of governmental units, by **January 11, 2023** (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates") via ECF transmission or by mail at the following address:

 Clerk's Office
 U.S. Bankruptcy Court for the
  Eastern District of PA
 Robert N.C. Nix Building
 900 Market Street, Suite 400
 Philadelphia, PA 19107-4299.

Facsimile submissions will not be accepted. Proofs of Claim shall be deemed filed only when actually received.

c)    Proofs of Claim are not required, at this time, to be filed by any Creditor asserting a Claim of any of the types set forth below:

    i)    any Creditor (a) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

    ii)    any Creditor that has already properly filed a Proof of Claim against Debtor;

    iii)    any Creditor whose Claim against Debtor previously has been allowed by, or paid pursuant to, an order of this Court;

    iv)    any Creditor asserting a Claim allowable under 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of Debtor's Chapter 11 case; and

    v)    any holder of equity securities of Debtor solely with respect to such holder's ownership interest in or possession of such equity securities.

d)    Debtor shall retain the right to: (a) dispute or assert offsets or defenses against any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or liquidated; provided, however, that if Debtor amends the Schedules to reduce the undisputed, non-contingent or liquidated amounts or to change the nature or classification of a Claim against Debtor reflected therein, then the affected claimant shall have until the Amended Schedule Bar Date to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of such amended scheduled claim. The "Amended Schedule Bar Date" shall be the later of the General Bar Date or thirty (30) days after a claimant is served with notice that Debtor has amended its schedules of assets and liabilities to reduce the amount of, delete, or change the status of a scheduled claim of such claimant. Notwithstanding the foregoing, nothing set forth herein will preclude Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

e)    Notwithstanding anything in this Order to the contrary, the holder of any Claim arising from the rejection of an executory contract or unexpired lease shall be required to file a Proof of Claim on account of such Claim against Debtor on or before the later of (a) the General Bar Date or (b) thirty (30) days after the effective date of such rejection, as ordered by the Court.

f)      Any Creditor that is required to file a Proof of Claim in this Chapter 11 case but that fails to do so in a timely manner, shall be forever barred, estopped and enjoined from: (a) asserting any Claim against Debtor that such creditor has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"), and (b) voting upon, or receiving distributions under, any plan of reorganization in this Chapter 11 case in respect of an Unscheduled Claim; and Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

g)      The form of Notice of Deadline to File Proofs of Claim (the "Bar Date Notice"), attached to the Application as Exhibit "B," is approved. The Bar Date Notice shall be mailed by Debtor by first class mail, postage prepaid, as soon as practicable, but in no event later than November 2~~1~~, 2022, to all known creditors
29th
holding potential pre-petition Claims.

h)      The provisions for notice of the Bar Dates, as set forth in this Order, in the manner set forth herein, shall constitute adequate and sufficient notice of each of the Bar Dates and shall be deemed to satisfy the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

i)      All creditors that desire to rely on the Schedules with respect to filing a Proof of Claim in Debtor's Chapter 11 case shall have the responsibility for determining that their Claims are accurately listed therein.

BY THE COURT:

Dated: November 28, 2022

_____
Hon. Ashely M. Chan
U.S. Bankruptcy Judge