B425A (Official Form 425A) (02/20)

UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

| | | |
|---|---|---|
| In re | : | Case No. 22 - 11818 |
| Keith M. Scriven | : | (Chapter 11) |
| Debtor. | : | |
| | : | Hon. Ashely M. Chan |
| | : | |

## Debtor's Second Amended Plan for Reorganization for Small Business Under Chapter 11

Keith M. Scriven's Plan for Reorganization
Dated: March 1, 2023

### Background for Cases Filed Under Subchapter V

A.  **Description and History of the Debtor's Business**
    The Debtor is an individual. For more than twenty (20) years, the Debtor has been in the business of manufacturing jewelry and selling art. I am now completing the downsize of my real estate holdings.

B.  **Liquidation Analysis**
    To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a Chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit A.

C.  **Ability to make future plan payments and operate without further reorganization**
    The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. The Plan Proponent has provided projected financial information as Exhibit B. The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $490.55.
    The final Plan payment is expected to be paid on or before July 11, 2027.

    **You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

Official Form 425A        Plan of Reorganization for Small Business Under Chapter 11    page 1

Debtor Name: Keith M. Scriven                                         Case No. 22 - 11818 AMC

## Article 1:  Summary

This Plan of Reorganization ("the Plan") under Chapter 11 of the Bankruptcy Code ("the Code") proposes to pay creditors of Keith M. Scriven, the Debtor, from the sale of jewelry and of art.

This Plan provides for:
- [1]     classes of priority claims;
- [4]     classes of secured claims;
- [1]     classes of non-priority unsecured clams; and
- [1]     classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar.  This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interest

2.01  Class 1    All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).  This class of claims includes Internal Revenue Service ("I.R.S."), Pennsylvania Department of Revenue ("PA Rev"), and City of Philadelphia ("the City").

2.02  Class 2    The claim of Ajax Mortgage Loan Trust ("Ajax"), to the extent allowed as a secured claim under § 506 of the Code.
The claim of The Bank of New York Mellon, f/k/a, The Bank, a/k/a, Bank of America, N.A., a/k/a, SN Servicing Corp., as servicer for U.S. Bank Trust, N.A. ("B.A.C."), to the extent allowed as a secured claim under § 506 of the Code.

| | | |
|---|---|---|
| 2.03 | Class 3 | The claim of I.R.S. to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of PA Rev to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of the City to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of Philadelphia Gas Works ("PGW") to the extent allowed as a secured claim under § 506 of the Code. |
| 2.04 | Class 4 | The claim of Deutsche Bank Nat'l Trust ("Deutsche"), to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of FNMA, a/k/a, LSRMF MH Master c/o Caliber Home Loans, Inc., a/k/a, Fay Servicing, LLC ("Fay"), to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of TD Bank, N.A. ("T.D."), to the extent allowed as a secured claim under § 506 of the Code. |
| | | The claim of U.S. Bank, N.A. ("U.S. Bank"), to the extent allowed as a secured claim under § 506 of the Code. |
| 2.05 | Class 5 | The claim of J. Otis Smith ("Smith"), to the extent allowed as a secured claim under § 506 of the Code. |
| 2.06 | Class 6 | All non-priority unsecured claims allowed under § 502 of the Code. This class of claims includes Capital One Financial, Credit One Bank, N.A., I.R.S., Opensky Capital Bank, PA Rev, PECo Energy Co., PGW, the City, Santander Consumer USA, Inc., Suffolk County Water Authority, Wells Fargo Bank, N.A., and William Whalon. |
| 2.07 | Class 7 | The interests of the individual Debtor in property of the estate. |

For purposes of voting and all confirmation matters, except as otherwise classified herein, all Claims and Interests are classified as set forth in this Article II.

# Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | Unclassified claims | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
| 3.02 | Administrative expense claims | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| | | Or |
| | | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid. |

| | | |
|---|---|---|
| 3.03 Priority tax claims | | Each holder of a priority tax claim will be paid, consistent with 11 U.S.C. § 1129(a)(9)(C), will be paid in full after the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.04 Statutory fees | | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 Prospective quarterly fees | | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

## Article 4: Treatment of Claims and Interests Under the Plan

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority claims excluding those in Article 3 | [x] Impaired<br>[ ] Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid, including post-confirmation interest, their timely filed and allowed nonpriority, unsecured claims in equal monthly payments over the remaining sixty (60) months, beginning on the date of the order for relief and every month thereafter. |
| Class 2 - Secured claim of Ajax | [x] Impaired<br>[ ] Unimpaired | Debtor will continue direct post-petition regular mortgage payments to this creditor, pursuant to the entered Adequate Protection Order (ECF # 43) which will control, including but not limited to its default provisions as to the regular mortgage payments and said default terms shall also be extended and applied to the payments to the cure the prepetition arrears. Pursuant to Section 1123(a)(5)(E) and (G), Debtor shall also repay the pre-petition arrears listed in the filed Proof of Claim in the amount of $268,935.53 (or the allowed claim amount), in equal monthly payments, in the amount of $4,482.26 (or as adjusted to be consistent with equal monthly payments on the allowed claim amount), over the remaining sixty (60) months, beginning on the date of the order for relief and every month thereafter. |
| Secured claim of B.A.C. | [x] Impaired<br>[ ] Unimpaired | Debtor will continue direct post petition payments to this creditor. Pursuant to Section 1123(a)(5)(A), (E), and (G), Debtor shall also repay the pre-petition arrears listed in the timely filed and allowed Proof of Claim in equal monthly payments over the remaining sixty (60) months, |

Official Form 425A    Plan of Reorganization for Small Business Under Chapter 11    page 4

| | | |
|---|---|---|
| | | beginning on the date of the order for relief and every month thereafter. |
| Class 3 - Secured claim of I.R.S. | [x] Impaired<br>[ ] Unimpaired | Pursuant to Section 1123(a)(5)((E), Debtor shall satisfy, including post-confirmation interest, this timely filed and allowed secured claim in equal monthly payments over the remaining sixty (60) months, beginning on the date of the order for relief and every month thereafter. |
| Secured claim of PA Rev | [x] Impaired<br>[ ] Unimpaired | Pursuant to Section 1123(a)(5)(E), Debtor shall satisfy, including post-confirmation interest, this timely filed and allowed secured claim in equal monthly payments over the remaining sixty (60) months, beginning on the date of the order for relief and every month thereafter. |
| Secured claim of the City | [x] Impaired<br>[ ] Unimpaired | Pursuant to Section 1123(a)(5)((E), Debtor shall satisfy, including post-confirmation interest, this timely filed and allowed secured claim in equal monthly payments over the remaining sixty (60) months, beginning on the date of the order for relief and every month thereafter. |
| Secured claim of PGW | [x] Impaired<br>[ ] Unimpaired | Pursuant to Section 1123(a)(5)((E), Debtor shall satisfy, including post-confirmation interest, this timely filed and allowed secured claim in equal monthly payments over the remaining sixty (60) months, beginning on the date of the order for relief and every month thereafter. |
| Class 4 - Secured claim of Deutsche | [x] Impaired<br>[ ] Unimpaired | Pursuant to Section 1123(a)(5)(B) and (F), Debtor will surrender, pursuant to the MFR Order (ECF # 74), his interest in as satisfaction in full of such claim the real property associated with this creditor's lien. |
| Secured claim of Fay | [x] Impaired<br>[ ] Unimpaired | Pursuant to Section 1123(a)(5)(B) and (F), Debtor will surrender his interest in as satisfaction in full of such claim the real property associated with this creditor's lien. |
| Secured claim of T.D. | [x] Impaired<br>[ ] Unimpaired | Pursuant to Section 1123(a)(5)(B) and (F), Debtor will surrender his interest in as satisfaction in full of such claim the real property associated with this creditor's lien. |
| Secured claim of U.S. Bank | [x] Impaired<br>[ ] Unimpaired | Pursuant to Section 1123(a)(5)(B) and (F), Debtor will surrender, pursuant to the MFR Order (ECF # 79), his interest in as satisfaction in full of such claim the real property associated with this creditor's lien. |
| Class 5 - Secured claim of Smith | [x] Impaired<br>[ ] Unimpaired | Pursuant to Section 1123(a)(5)(E), Debtor will satisfy this creditor's lien upon the sale of the real property associated with this claim. |

| | | |
|---|---|---|
| Class 6 - Non-priority unsecured creditors | [x] Impaired<br>[ ] Unimpaired | Each holder of this Class will be paid 100% of its allowed claim within sixty (60) months after the date of the order for relief, unless otherwise agreed between Debtor and such creditor.  Pursuant to 11 U.S.C. § 1129(a)(15)(B), the treatment and consideration to be received by such holders shall be in full settlement, satisfaction, release and discharge of their respective Claims. |
| Class 7 - Equity security holders of the Debtor | [x] Impaired<br>[ ] Unimpaired | There are no equity interests of the Debtor.  In this case, the debtor is an individual; therefore, Debtor is the interest holder. |

## Article 5: Allowance and Disallowance of Claims

5.01 Disputed claim

A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:
(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or
(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of distribution on a disputed claim

No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 Settlement of disputed claims

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

6.01 Assumed executory contracts and unexpired leases

(a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as as of the effective date: _____.
(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

| | | |
|---|---|---|
| 7.01 | Plan Funding | The Cash held by Debtor on the Effective Date shall be used to fund first, the Initial Distributions. The employment, business operations of Debtor, and property sales shall fund the remaining distributions under the Plan. |
| 7.02 | Management & Operation of Debtor. | Debtor shall continue to own and operate property after the Confirmation Date. |
| 7.03 | Continuation of Business. | Debtor will retain all of his Assets, except for property which is to be sold or otherwise disposed of as provided for herein. |
| 7.04 | Plan Distributions. | |
| | (a) | The Reorganized Debtor shall make all disbursements required under the Plan. |
| | (b) | Distributions.  Debtor shall make all Distributions required by this Plan.  Debtor shall make Distributions to each Creditor at the address specified in such Creditor's proof of claim or at such other address as shall be specified by such Creditor in writing to Debtor on or before the Effective Date. The Distributions otherwise due to each holder of an Allowed Claim as a distribution pursuant to the foregoing shall not be distributed if the aggregate amount of cash to be distributed shall be less than $1.00. |
| | (c) | Undeliverable Distributions; Uncashed Checks. If any Distribution is returned as undeliverable, or if any check delivered pursuant to a Distribution remains uncashed for ninety (90) days, the amount of such Distribution shall be returned by Debtor to the Operating Reserve Account and, in the case of an uncashed check, such check shall automatically become null and void.  Thereafter, until the second anniversary of the Effective Date, the Creditor entitled to such Distribution may make a claim therefore to the Reorganized Debtor and shall thereupon be entitled to the amount of such Distribution.  After the second anniversary of the Effective Date, the entitlement of such Creditor to such Distribution shall be discharged and the Reorganized Debtor shall retain the amount hereof. |

## Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | Definitions and rules of construction | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. |
| 8.02 | Effective date | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the |

| | | |
|---|---|---|
| | | stay expires or is otherwise terminated. |
| 8.03 | Severability | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | Binding effect | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | Captions | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | Controlling effect | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | Retention of Jurisdiction | Pursuant to 11 U.S.C. §§ 105(a) and 1142, the Court shall retain and shall have exclusive jurisdiction over any matter arising under the Code or arising in or related to this Chapter 11 Case and this Plan. |

## Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt:
(a)   imposed by this Plan; or
(b)   excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:
(i)    on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
(ii)   excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Debtor's secured claims, except his Class 4 claims, are not discharged, until the underlying liens are paid in full in accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I).

## Article 10: Confirmation

| | | |
|---|---|---|
| 10.01 | Impaired Classes to Vote. | Each claimant who is a member of an impaired class under the Plan is entitled to vote, if either (i) its claim has been scheduled by Debtor, or (ii) it has filed a proof of claim on or before the Bar Date. |

Official Form 425A        Plan of Reorganization for Small Business Under Chapter 11        page 8

| | | |
|---|---|---|
| 10.02 | Acceptance or Rejection of Plan | Each impaired class of Creditors with claims against the Debtor's estate shall be entitled to vote separately to accept or reject the Plan. A class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the allowed Claims of such class that have accepted or rejected the Plan. In the event that any impaired class of Creditors or Interest holders shall fail to accept the Plan in accordance with 11 U.S.C. § 1129(a), the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with 11 U.S.C. § 1129(b). |
| 10.03 | Before Confirmation. | At any time prior to confirmation, Debtor may modify the Plan but may not modify the Plan so that the Plan, as modified, fails to meet the requirements of 11 U.S.C. §§ 1122 and 1123. If Debtor files a modification with the Court, the Plan, as modified, shall become the Plan. |
| 10.04 | After Confirmation. | At any time after Confirmation and before substantial consummation of the Plan, Debtor may modify the Plan but may not modify the Plan so that the Plan, as modified, fails to meet the requirements of 11 U.S.C. §§ 1122 and 1123. The Plan as modified becomes the Plan only if the Court, after notice and hearing, confirms such Plan as modified under 11 U.S.C. § 1129. |
| 10.05 | Default | A creditor or party in interest may bring a motion to convert or dismiss the case under 11 U.S.C. § 1112(b), after the Plan is confirmed, if there is a default in performing under the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case. |
| 10.06 | Retained Assets. | Pursuant to 11 U.S.C. § 1141(c), upon the Effective Date, the Assets will, except as otherwise specifically provided herein, be free and clear of all Claims and Interests of Creditors and Interest Holders and/or their successors and assigns, and all such entities shall be enjoined, pursuant to the terms of the Confirmation Order, from asserting any claim, right, demand or liability against Debtor on account of any Claim by the Confirmation Order. |

## Article 11: Other Provisions

| | | |
|---|---|---|
| 11.01 | Payments. | Any payment to be made pursuant to the Plan shall be deemed to have been timely made if made within fourteen (14) business days following the applicable payment date, as set forth in the Plan. Notwithstanding anything to the contrary contained herein, no payment of fractions of cents shall be made. Fractional cents shall be rounded down to the nearest whole cent. |
| 11.02 | Cure of Defaults. | Except for Class 2 claims (See, Prgh 4.01), Debtor shall have sixty (60) days after receipt of written notice (such notice shall conspicuously state that it is a notice of default and shall describe with particularity the nature of the default) of any default under the Plan in which to cure such default, except as modified by agreements after the Petition Date. |

| | | |
|---|---|---|
| 11.03 | Exculpation. | Debtor and the Disbursing Agent and their respective attorneys, financial advisors and agents shall not have, nor shall they incur, any liability to any Creditor or to any other Person for any act or omission in connection with or arising out of the Chapter 11 Case, or out of their administration of this Plan, except for their own willful misconduct, recklessness, gross negligence, or bad faith. Additionally, in all respects, Debtor, the Disbursing Agent and their respective attorneys, financial advisors and agents shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. |
| 11.04 | Terms Binding. | On the Effective Date, all provisions of this Plan, including all exhibits attached hereto, shall be binding upon Debtor, all Claim and Interest holders, and all other entities who are affected in any manner by the Plan. All Exhibits attached to the Plan shall have full force and effect, and shall bind all parties thereto as of the Effective Date, whether or not such exhibits shall actually be executed, issued, delivered or recorded on the Effective Date or thereafter. |
| 11.05 | Plan Implementation. | The Plan shall be consummated on the Effective Date. The Confirmation Order shall empower and authorize Debtor to take or cause to be taken, prior to the Effective Date, all actions that are necessary to implement the Plan. |

Respectfully submitted,

By: _____
Keith M. Scriven, Debtor

By: /s/ Ronald G. McNeil
Ronald G. McNeil, Esquire
Attorney for Debtor
DATE: March 1, 2023
1333 Race Street
Philadelphia, PA 19107-1585
(215) 564 - 3999 (t)
(215) 564 - 3537 (fx)
r.mcneil@verizon.net

### Exhibit A  -  Liquidation Analysis

Plan Proponent's Estimated Liquidation Value of Assets

Assets
| | | | |
|---|---|---|---|
| a. | Cash on hand | $ | 303.40 |
| b. | Building & Land | $ | 954,100.00 *** |
| c. | Personal effects | $ | 832,882.00 ** |
| | Total Assets at Liquidation Value | | $1,787,285.40 |

Less:
    Secured creditors' recoveries      $ 407,801.59 ***

Less:
    Chapter 11 Trustee fees and expenses      $

Less:
    Chapter 11 administrative expenses      $ 1,738.00

Less:
    Priority claims, excluding
     administrative expense claims      $ 140,420.87

Less:
    Debtor's claimed exemptions      $ 50,575.00
    (1)    balance for unsecured claims
    (2)    total dollar amount of
        unsecured claims      $ 79,813.19 (based on filed POCs)
    Debtor has reserved the right to object to these POCs.

Percentage of Claims which unsecured
 creditors would receive or retain in a
  Chapter 7 Liquidation:      100%

Percentage of Claims which unsecured creditors
 will receive or retain under the Plan:      100%

    ** -    This figure is based on Debtor's Schedule B, and there
           is no calculation of Debtor's business interest.

    *** -    This figure is based on Debtor's Schedules A and D, filed P.O.C.s,
           and Debtor's retention of 1007-09 North 6th Street 19123.

## Exhibit B - Financial Projections

| | | | current | projected |
|---|---|---|---|---|
| a) | revenue per month | | | |
| | jewelry/art | | $21,068.01 | 21,000.00 |
| | | | | |
| b) | business expenses | | | |
| | i) | advertising | 511.87 | 250.00 |
| | ii) | taxes & fees | 20.00 | 550.00 |
| | iii) | insurance | 2,206.05 | 400.00 |
| | iv) | utilities | 239.68 | 395.00 |
| | v) | office supplies | 68.95 | 100.00 |
| | vi) | materiels | 13,605.00 | 7,000.00 |
| | vii) | KMS related | 274.82 | 274.82 |
| | | total  16,926.37 | | 8,969.82 |
| | | | --------------- | -------------- |
| | | net | 4,141.64 | 12,030.18 |
| | | | | |
| c) | personal expenses | | | |
| | i) | mortgages | | 2,984.63 ** |
| | ii) | utilities | | 425.00 |
| | iii) | telephones | | 210.00 |
| | iv) | food | | 300.00 |
| | v) | transportation | | 300.00 |
| | vi) | health insurance | | 175.00 |
| | vii) | auto insurance | | 265.00 |
| | viii) | Plan payments | | 6,880.00 ** |
| | | | | ---------------- |
| | | | | 11,539.63 |

** - Debtor has sought grant assistance from PaHAF and may seek modification relief from 1st mortgage, Gregory Funding.

Debtor believes that he can sell sufficient amounts of jewelry to fund this Plan. However, he intends to sell art as a guarantee to fund this Plan.